UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| WILLIE R. GRIFFIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:16-cv-00393-JAW |
| | ) | |
| MISS STEPHNEY, et al. | ) | |
| | ) | |
| Defendants | ) | |

**RECOMMENDED DECISION AFTER REVIEW
PURSUANT TO 28 U.S.C. § 1915**

In this action, Plaintiff Willie R. Griffin, with a general delivery return address in Richmond, Virginia, seeks relief from "Miss Stephney," Catholic Charities, the Richmond Police Department, and the State of Virginia. (Complaint, ECF No. 1.) Plaintiff moved to proceed in forma pauperis (ECF No. 4), which motion the Court granted. (ECF No. 7.) Because Plaintiff is proceeding in this matter in forma pauperis, his action is subject to review under 28 U.S.C. § 1915(e)(2)(B) to ensure that Plaintiff has stated a claim for which relief may be granted in this Court.[1] After the review, I recommend the Court dismiss Plaintiff's complaint.

**Discussion**

When deciding whether to dismiss a claim or action for failure to state a claim, a court must accept as true the factual allegations of the complaint, draw all reasonable inferences in favor of the plaintiff that are supported by the factual allegations, and determine whether the complaint, so read, sets forth a plausible basis for recovery. *Trans-Spec Truck Serv., Inc. v. Caterpillar Inc.*, 524 F.3d

---

[1] In recognition of the fact that a waiver of filing fees encourages some individuals to file suit regardless of the merits, the in forma pauperis statute authorizes the court to dismiss sua sponte those actions that fail to state an actionable claim, 28 U.S.C. § 1915(e)(2)(B), "so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

315, 320 (1st Cir. 2008). To allege an action in federal court, however, it is not enough for a plaintiff merely to allege that a defendant acted unlawfully; a plaintiff must affirmatively allege facts that identify the manner by which the defendant subjected the plaintiff to a harm for which the law affords a remedy. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

Although Plaintiff's complaint is somewhat difficult to decipher, Plaintiff appears to allege that Defendants failed to provide shelter to him, and otherwise mistreated him. Plaintiff and Defendants are alleged to be residents of Virginia, and the alleged incidents occurred in Virginia. Regardless of the substance of Plaintiff's claim, Plaintiff cannot prosecute his claim in this Court. Assuming Plaintiff has asserted this action pursuant to 42 U.S.C. § 1983,[2] the appropriate venue is determined by reference to 28 U.S.C. § 1391(b), which states:

> A civil action may be brought in—
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Because none of the parties is a resident of Maine, because the incidents about which Plaintiff complains did not occur in Maine, and because the record lacks any evidence to suggest Plaintiff is unable to assert this action in a district in Virginia, Plaintiff cannot prosecute his claim in this District.

Pursuant to 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." "Whether dismissal or transfer

---

[2] Presumably, Plaintiff's civil action is based on 42 U.S.C. § 1983, which provides a cause of action to one who is deprived of a constitutional or other federal right by a person exercising state authority.

is appropriate lies within the sound discretion of the district court." *Minnette v. Time Warner,* 997 F.2d 1023, 1026 (2d Cir. 1993); *see also Quinn v. Watson,* 145 Fed. App'x 799, 800 (4th Cir. 2005) (unpublished).[3]  Because Plaintiff does not appear to state a federal claim,[4] judicial economy militates in favor of dismissal.

## CONCLUSION

Based on the foregoing analysis, after a review of Plaintiff's complaint pursuant to 28 U.S.C. § 1915, I recommend the Court dismiss Plaintiff's complaint.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum within fourteen (14) days of being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 12th day of August, 2016.

---

[3] *See also* 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."); 28 U.S.C. § 1631 ("Whenever a civil action is filed in a court … and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed …"); *Desmond v. Nynex Corp.,* 37 F.3d 1484, 1994 WL 577479, at *3 (1st Cir. 1994) (per curiam) ("It is well settled that a court may transfer a case *sua sponte* pursuant to 28 U.S.C. §§ 1404(a) and 1406(a).").

[4] Plaintiff does not state facts to suggest that Catholic Charities and Miss Stephney are state actors for purposes of § 1983, or that he has a constitutional right to stay in shelters operated by Catholic Charities; Plaintiff's allegations against the Richmond Police Department fail to include sufficient facts to support a claim that Plaintiff has been deprived of a constitutional or other federal right through the application of police power; Plaintiff does not state facts that would support a finding of a municipal policy or custom necessary to impose liability on the Richmond Police Department; and the State of Virginia has immunity with respect to a civil action seeking money damages and is not a "person" for purposes of a § 1983 claim.